UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH SCOTT WRIGHT,

              Petitioner,

v.

ED TROYER,

              Respondent.

CASE NO. 3:22-CV-5671-DWC

ORDER DISMISSING PETITION

Petitioner Joseph Scott Wright filed his federal habeas Petition on August 30, 2022, pursuant to 28 U.S.C. § 2254, seeking relief from state court convictions. *See* Dkt. 1.[1] The Court concludes Petitioner is not "in custody" pursuant to the conviction he challenges and the Court, therefore, lacks subject matter jurisdiction over this matter. Accordingly, the Petition (Dkt. 6) is dismissed and this case is closed.

**I.    Background**

On December 11, 2015, Petitioner pled guilty to one count of unlawful possession of a controlled substance and was sentenced to 27 days confinement and twelve months of

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Magistrate Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkts. 8, 13, 14.

ORDER DISMISSING PETITION - 1

community supervision. Dkt. 17-1. Petitioner did not appeal his judgment and sentence. *See* Dkt. 15.

In 2021, the Washington State Supreme Court held that Washington's felony drug possession statute, Wash. Rev. Code § 69.50.4013, imposed strict liability for unintentional, unknowing possession of controlled substances, in violation of the due process requirements of the state and federal constitutions. *See State v. Blake*, 197 Wn.2d 170, 195 (Wash. 2021). Pursuant to *Blake*, Petitioner's judgment and sentence was vacated by the state court on November 4, 2022. Dkt. 17-8.[2]

On August 30, 2022, Petitioner initiated this federal action. Dkt. 1, 6. On November 9, 2022, Respondent filed an Answer and the relevant state court record. Dkt. 15, 17. Respondent asserts the Petition should be dismissed because: (1) Petitioner is not "in custody" for the purposes of § 2254; (2) Petition is untimely under the federal statute of limitations; (3) Petitioner's monetary claims do not state a cognizable basis for relief; and (4) any request for dismissal of pending charges is barred by the *Younger* Abstention Doctrine. Dkt. 15. Petitioner did not file a response to the Answer.

## II.  Discussion

Respondent maintains the Petition should be dismissed because Petitioner is no longer "in custody" for the December 11, 2015 judgment and sentence challenged in the Petition. Dkt. 15. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution

---

[2] After completing his sentence for the 2015 judgment, Petitioner was arrested and charged with new crimes that are unrelated to the 2015 judgment. *See* Dkts. 17-2, 17-3, 17-4, 17-5, 17-6, 17-7. Petitioner's current confinement at the Pierce County Jail arises from these new charges. *See* Dkt. 15 at 2.

or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Id*. at 490-91. The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)). When the conviction or sentence under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492. Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id*. at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The petitioner bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

      Here, on December 11, 2015, Petitioner was sentenced a total of 27 days of incarceration and 12 months of community custody. Dkt. 17-1. Therefore, if Petitioner served his entire sentence he would have been released from incarceration on January 7, 2016, and his community custody would have expired on January 7, 2017. Petitioner did not file the Petition until August 30, 2022, more than five and a half years after the last possible date he would have been "in custody" for the 2015 state conviction. *See* Dkt. 1-1, p. 15.

      Petitioner has not responded to Respondent's Answer and he has not shown he was serving a sentence as a result of the 2015 state court judgment and sentence on the date he filed the Petition. Further, as the 2015 judgment and sentence has been vacated, Petitioner has not shown the conviction is a factual predicate of his current confinement. Therefore, Petitioner does

not meet the "in custody" requirement. Thus, the Court lacks jurisdiction over this case and the Petition must be dismissed.[3]

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because the Petition may be resolved on the existing record.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

---

[3] As the Court lacks jurisdiction over this case, the Court declines to consider Respondent's remaining arguments.

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of the Petition or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

V. **_In Forma Pauperis_ on Appeal**

*In forma pauperis* status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); see also 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As noted above, Petitioner has failed show this Court has jurisdiction to hear this case. Accordingly, Petitioner's *in forma pauperis* status is revoked for purposes of any appeal.

VI. **Conclusion**

For the above stated reasons, the Petition (Dkt. 6) is dismissed for lack of subject matter jurisdiction. No evidentiary hearing is necessary, a certificate of appealability is denied, and *in forma pauperis* status is revoked for any appeal. This case is closed.

Dated this 4th day of January, 2023.

David W. Christel
United States Magistrate Judge